## NIGH LUMBER CO. v. JOHNSON, et.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided July 13, 1928.

First Publication of This Opinion.  •

Syllabus by Editorial Staff.

**ATTORNEY AND CLIENT.**

(40 C2) It is no defense to an action for compensation by two lawyers associated together, that one lawyer became interested prior or subsequent to the contract, whether as partner, assignee, or what not.

Fact that one of a firm of lawyers was not authorized to appear as an attorney before the taxing authorities, no defense to action by firm for compensation.

**TRIAL.**

(590 V2a) That the verdict was excessive cannot be asserted when no evidence was offered that the services rendered were of less value.

Error to Common Pleas.

Judgment affirmed.

Knepper & Wilcox, B. B. Bridge and John H. Matthews, Gallipolis, for Nigh Lumber Co.

A. J. Layne, Gallipolis, for Johnson, et.

### STATEMENT OF FACTS.

A. R. Johnson and Dan C. Jones, by petition in the Common Pleas, sought recovery from the Nigh Lumber Co. for services in securing a reduction of income taxes assessed against that company by the government of the United States. The petition recited that the two plaintiffs were associated together in the general practice of law and were employed in the matter referred to. The defendant filed an answer admitting the employment of the firm of Johnson & Jones and then denying substantially the extent and value of the services rendered. A motion was filed to this answer but it was never disposed of. The defendant, without withdrawing the former answer, interposed an amended answer admitting that the plaintiffs were associated in the general practice of law and that it had employed A. R. Johnson in respect to the reduction of its income taxes and that he had performed some services in the matter and then denied generally. Trial was had, resulting in a verdict and judgment for plaintiffs. This proceeding is to reverse that judgment.

MAUCK, J.

The principal assignment of error urged here is that the action should have been brought in the name of A. R. Johnson alone. We see no merit in the contention. The undisputed evidence is that Judge Jones was interested in the contract of employment. Whether that interest arose prior or subsequent to the employment, whether as partner, assignee or what not, his interest in the claim not only entitled but compelled his presence in the case as a party plaintiff. In the state of this record, the defense is merely captious.

It is also contended that inasmuch as the plaintiffs constituted a firm for the practice of law and Judge Jones was not authorized to appear as an attorney before the taxing au-

thorities of the Treasury Department no recovery can be had by the plaintiffs under authority of **Hitson v. Browne, 3 Cal. 304,** and **Browne v. Phelps, 211 Mass. 376.** The morality of this defense is not appealing. Nor is the defense technically sound. In both cases cited the contract of employment was made in violation of statute. We do not need to go as far as the court went in **Harland v. Lilienthal, 53 N. Y. 438.** In this case the contract was made for the services of Mr. Johnson, and Mr. Johnson was authorized by law to perform. That part of his compensation was by private arrangement to be paid to Judge Jones did not concern the other party to the contract, nor did it in any way tend to violate any law of either this state or of the United States.

The other assignments of error are equally trivial. As to the amount of the verdict it can only be said that no evidence was offered that the services were of less value than claimed by the plaintiffs. The jury was not bound to take plaintiffs' valuation but no rule prevented its doing so.

(Middleton, PJ., and Thomas, J., concur.)