## SOLIDAY v ASH et

Ohio Appeals, 4th Dist, Hocking Co
Decided May 6, 1931

W. Bowen, for Soliday.
E. D. Ricketts, Logan, for Ash et.

**MAUCK, PJ.**

The statutes relating to the effect of the approval of accounts in the Probate Court are strangely conflicting. Exceptions filed to the last account of an administrator and executor, or the trustee of a non resident, open up all the preceeding accounts for re-adjustment. A settlement of the various accounts of a guardian, however, is final until opened as provided in the section referred to. **Woodmansie v Woodmansie, 32 Oh St 18; Errett v Howert, 78 Oh St 109.** The guardian in this case in invoking the approval of the preceeding account as a bar to the exceptions to the final account is in effect pleading res adjudicata. This plea is good only to the extent that the record shows that the question raised by the exceptions to the final account has been actually adjudicated by the approval of the earlier account.

"True, a partial account is conclusive unless attacked in the mode provided by the statute, but this is only in respect to matters adjudicated therein."

**Eichelbarger v Gross, 42 Oh St 549, 554.**

We have, therefore, the guardian's claim that the securities in question belong to the ward's estate, the counter-claim of the interested beneficiaries that the guardian had no authority to invest his ward's money in these securities, and the reply of the guardian that the Probate Court has already approved the investment. To support this defense of former adjudication the guardian showed that in his former account it was shown that the guardian had charged himself with cash as follows:

"Interest of preferred stock of The Logan Clay Products Company $445.31,"

and that in that account under the heading

"Itemized Statement of Investment of ward's estate"
there were these items:

"7% Preferred stock of the Logan Clay Products Company, $3000.00.

Savings Account with Logan Home Savings Assn. (5%) $306.34.

Savings Account with Farmers and Merchants Bank (3%) $88.45."

While it is true that this earlier account does show receipt by the guardian of income on this stock, and does show $3,000 of this stock as part of the ward's estate, it does not show in any place that the guardian had used the proceeds of the sale of the ward's real estate or any other of the ward's funds in purchasing the stock. So far as this account is concerned the ward may have owned this stock at the time of the guardian's appointment. Moreover, the account as a whole tends to show that the guardian had never invested any of the proceeds of the real estate. The account shows that in the guardian's cash transactions he received $5,400.95, including $4,000 cash for the real estate, and that he had expended $1890.43, leaving a cash balance of $3,510.52, which in that form was owing the ward. When the Probate Court approved the former account such approval was only of the guardian's claim that he had a cash balance of $3,510.52 belonging to his ward. The evidence, therefore, does not sustain the claim of the guardian that he had invested in this stock prior to filing his earlier account and had secured the approval of the Probate Court thereto. The

Court of Common Pleas was clearly right in sustaining the objection.

We have gone into the merits of the case although there is some doubt whether the questions argued and disposed of are raised by the record herein. Inasmuch as the claim of the guardian was that the rights of the parties had been theretofore adjudicated, the sole question seems to be as to the sufficiency of the evidence to support that claim. There was no motion for a new trial filed in the Common Pleas, and inasmuch as such motion is a prerequisite to the review in this court of the weight of the testimony it is doubtful whether the question attempted to be raised is properly before the court.

The judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.