HAMILTON & CUSHING, JJ, concur.

## HAMILTON Exr v SAFFIN, SANDLES & REED et

Ohio Appeals, 2nd Dist, Franklin Co

No 2065. Decided Nov 3, 1931

Boyd & Boyd, Columbus, for plaintiff in error.

John A. Connor, Columbus, for defendant in error.

· The original section was found in the Civil Code of 1853, which provides,

"That if the defect does not appear on the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same except only the objection to the jurisdiction of the court and that the petition does not state facts sufficient to constitute a cause of action."

It will be observed that it was the intention of the Legislature that the more or less technical question as to whether the plaintiffs' suit was upon a joint contract should not be made by a general denial but that it should affirmatively be stated in the answer. In the case at bar there was no question in the pleadings as to the parties plaintiff in the court below being joint contractors, and we think it is clear that such question can not be made in the first instance after the trial and verdict in favor of the plaintiffs, but must be made affirmatively in the answer. This question has been decided in many cases.

In the recent case of **Bozzelli v Industrial Commission, 122 Oh St, 209,** of the opinion, the following language appears:

"Sec 11311 GC, provides that, if no objection is made to a petition by way of demurrer or answer, the defendant 'shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action'."

There are several Circuit Court and Court of Appeals cases to the same effect.
**Rothweiler, Admr. v Ryan, et al 4 C. C. 338.**
**Cannon v Cheney, 8 C. C. 143.**
**Beecher v Booth, 9 C. C. 469.**
**Clark, Admr v Botz, 10 C. C. (N.S.) 1, (545).**
**Dannemiller et al v Zimmerman, 22 (NS).**
**Russ v Wilson, 27 Oh Ap 34.**
In the case of **Russ v Wilson,** supra, the syllabus is as follows:

"Under §11311 GC, question of misjoinder of causes of action must be raised by demurrer or by answer, and, if the question is not raised in either way, the objection is waived."

The case of **Nigh Lumber Company v Johnson, 6 Abs 560,** is particularly appropriate here. This action was by two law firms to recover attorneys' fees and the question was raised in this case by the defendant, the Nigh Lumber Campany, that the lawyers were separately employed and that it was not a general contract of employment.

Judge Mauck in passing upon the case says:

"It is no defense to an action for compensation by two lawyers associated together, that one lawyer became interested prior or subsequent to the contract, whether as partner, assignee, or what not. Fact that one of a firm of lawyers was not authorized to appear as an attorney before the taxing authorities, no defense to action by firm for compensation."

These authorities are clearly to the effect that the question of a joint contract is an affirmative defense and must be made either by demurrer to the petition or by a special defense in the answer. For want of such defense we think the question can not be first raised as it was here on the motion for a new trial, or by a petition in error.

We have examined the other questions and find no prejudicial error in the case. The judgment of the Court of Common Pleas is therefore affirmed.

HORNBECK and KUNKLE, JJ, concur.