### WARNER et v HOFFMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1257. Decided April 13, 1936

John W. Bricker, Atty. General, Columbus, By Herbert D. Mills, Dayton, and Robert N. Brumbaugh, Dayton, for appellants.

Heald, Zimmerman, Clark & Machle, Dayton, for appellee.

## OPINION

By THE COURT

We are tendered an entry by counsel for appellee wherein certificate is made that the judgment in the instant cause is in conflict with the judgment in Soliday, Guardian v Ash et, 40 Oh Ap, 498 (10 Abs 364), and Huntington National Bank of Columbus, Trustee v Fulton, Supt. et, 49 Oh Ap, 268 (17 Abs 711, 19 Abs 610).

We find no such similarity in questions involved or legal principles considered and determined in the Huntington National Bank case to indicate any conflict whatever.

The syllabus in Soliday, Guardian v Ash et al, seems to conflict with our determination in this case. However, we find that upon the original consideration of this case the Soliday case was cited and discussed and though we did not mention it in our opinion, it was given attention. Upon further examination, we are satisfied that the Soliday opinion rested upon finding of Judge Mauck and his associates as found on pages 501 and 502 of the opinion in this language:

"So far as this account is concerned, the ward may have owned this stock at the time of the guardian's appointment. Moreover, the account as a whole tends to show that the guardian had never invested any of the proceeds of the real estate. * * * The evidence, therefore, does not sustain the claim of the guardian that he had invested in this stock prior to filing his earlier account, and had secured the approval of the Probate Court thereto."

In other words, in the Soliday case the account did not sufficiently apprise the Probate Judge of the time of investment, the nature and amount thereof with such certainty as to require the reviewing court to say that the specific investment contended for as being legal had been approved. The case contended for by the guardian had not been made on the factual proof. Much of the argument in the brief of counsel for appellee on the motion for certification of conflict is directed to the legal proposition that the Probate Court had no power to approve the fifth account of the guardian. We considered and discussed this question in our original opinion.

We are still of the opinion that the kind of investment, the date and amount thereof was before the court when he settled and confirmed the accounts including the fifth account.

As we said in our former opinion, we would be glad if the Supreme Court would take this question and determine it, but we can not say that either of the cases cited in which conflict is claimed requires us to make certification to the Supreme Court. We will, therefore, approve the entry of counsel for appellants and exceptions will be saved to the appellee.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.