## SCHICK v KROEGER

Ohio Appeals, 2nd Dist, Franklin Co

No 2627. Decided April 29, 1936

## OPINION

By BODEY, J.

This is an error proceeding from the Court of Common Pleas. The parties appear as in the lower court.

Plaintiff, as guardian of Anton L. Lundberg, an insane person and a veteran of the Spanish-American War, seeks to have her claim as guardian allowed as a preferred claim against the Columbian Building and Loan Company, the same being in liquidation and in charge of W. Paul Warner, Superintendent of Building and Loan Associations in and for the State of Ohio, who was substituted as party defendant.

The issues are made by this petition, the answer of defendant and plaintiff's reply thereto.

The trial court found the issues in favor of defendant and dismissed the petition. A motion for new trial having been filed and overruled, plaintiff now seeks to reverse the order and finding of the lower court.

The case was submitted upon an agreed statement of facts. It appears therefrom that Langdon T. Williams, an attorney at law, was appointed guardian of Anton L. Lundberg on April 1st, 1926, by the Probate Court of Franklin County; that shortly after his appointment he received from the bondsmen of a former guardian of said ward the sum of $700.00, which amount he deposited in the National Savings and Loan Company of which he was an executive officer; that thereafter monthly payments in the form of a pension from the United States to said ward came into his hands and that said sums were likewise deposited in the National Savings & Loan Company until January 31, 1931; that the inventory filed in the Probate Court on June 25, 1936, carried the following item under the heading "Description of Personal Estate and Value thereof"; "Cash in the Northern Savings & Loan Company, $790.00"; that the first account of the guardian was filed on March 31, 1928, and was approved and confirmed by the court on May 7, 1928; that on May 18, 1928, the guardian filed an ap-

Wilbur E. Benoy, Columbus, and Alta L. Schick, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Paul L. Selby, Special Counsel, for defendant in error.

W. L. Metzger, Chief Attorney, U. S. Veterans' Administration, Cincinnati, amicus curiae.

plication for an order approving his deposit of funds and on the same date the Probate Court entered the following order:

"This day this cause came on to be heard upon the application of the guardian to approve his deposit of the funds of Anton L. Lundberg, in the National Savings & Loan Company, in a book account bearing five per cent. interest. Upon consideration whereof said guardian is hereby authorized, ordered and directed to deposit the funds of said estate in the said The National Savings & Loan Company, and the deposits heretofore made in said company are approved."

That a second account was filed on April 3, 1930, which contained this statement under the "Full Itemized Statement of all the Funds Invested"; "Savings Account with the National Savings & Loan Company with interest at the rate of 5%"; that the second account was approved and confirmed on April 30, 1931; that on January 31, 1931, the National Savings & Loan Company merged with the Columbian Building and Loan Company and thereafter the guardian's deposits were carried in the latter institution; that on May 14, 1931, upon application the court made the following order:

"This day this cause came on to be heard upon the application of the guardian to approve the transfer of the funds of the ward from the National Savings & Loan Company to the Columbian Building and Loan Company and for an order approving and confirming the deposit of the funds of the ward as they may from time to time be received in the Columbian Building & Loan Company. Upon consideration thereof the court confirms the transfer of the funds of the ward from the National Savings & Loan Company to the Columbian Building & Loan Company and orders and directs said guardian to deposit future funds of the ward as they may be received in the Columbian Building & Loan Company upon a book account, bearing interest at the rate of 5% per annum."

That on May 18, 1931, the Columbian Building & Loan Company went on notice; that on October 23, 1931, the guardian filed his third and final account in which under the heading "Statement of Securities" he carried the following: "The National Savings & Loan Company, (now the Columbian Building & Loan Company) 52 W. Broad Street, Columbus, Ohio—Savings Account—$3597.10."

That this account was confirmed and approved on April 8, 1932; that but one deposit, to-wit, $50.00 on May 29, 1931, was made after May 14, 1931; that on October 24, 1931, Williams resigned as guardian; that plaintiff was appointed guardian on December 31, 1931; that no deposits were made in said account by plaintiff; that defendant's predecessor in office took charge of the Columbian Building and Loan Company on March 25, 1933; that on December 18, 1932, there was a balance in said account of $3731.99; that at all times up to and including March 25, 1935. The National Savings & Loan Company until the merger and thereafter The Columbian Building and Loan Company had on hand in their respective vaults funds in excess of $3731.99; that Williams was a member of the Board of Directors and Executive Vice-President of The Columbian Building & Loan Company from November 5, 1930, until February 20, 1932.

Counsel for the parties have furnished the court with able briefs. We have also been favored with a comprehensive brief by the chief attorney of the U. S. Veterans' Bureau as amicus curiae.

It is urged by plaintiff that the four following propositions govern the law of the case:

(1) The Probate Court had no authority to authorize or approve the investment of the moneys by a guardian in a building and loan association.

(2) There being no authority in the guardian to make the investment, nor in the court to authorize or approve the investment, the deposit was wrongful and no title to the funds passed to the building and loan association.

(3) The moneys having been traced into the vaults of the association and the same or a greater amount of cash having been found in vaults of the association on insolvency, the plaintiff is entitled to a finding of preference over general creditors.

(4) The deposit being pension funds received by the guardian from the U. S. Government, and entitled to the preference provided by the Acts of Congress, no title to the funds passed to the building and loan association.

In submitting the argument under the **first and** second paragraphs above noted,

counsel refer to the case of **Paul A. Warner, Superintendent of Building and Loan Associations, etc. v C. B. Hoffman, Guardian, etc.,** a Montgomery County case decided by this court on December 27, 1934 (18 Abs 403, 21 Abs 225). This court held in that case that a guardian's deposit of funds in a building and loan association prior to January 1, 1932, was an investment authorized by §11214, GC, and was proper if authorized or approved by the Probate Judge. The court also held that,

"The settlement and confirmation of the account setting forth the investment constitutes an approval by the court of the investment by the fiduciary as fully and completely as though such approval had been made at a time prior to the investment."

Counsel in the instant case cite the case of **Home Savings & Loan Company v Strain, trustee, 130 Oh St, 53,** which was decided after our opinion was released in the case of Warner, Supt., etc. v Hoffman, Guardian, etc., supra, and the case of **Soliday, Guardian v Ash et, 40 Oh Ap, 498, (10 Abs 364)** and contend that our decision is at variance with the pronouncements in those cases.

On August 8, 1935, this court disposed of an application for rehearing in the case of Warner, Supt., etc. v Hoffman, Guardian, etc., supra. That opinion is as follows:

"Submitted upon the application of appellee for rehearing on the authority of Home Savings & Loan Co. v Strain, Ohio Bar, July 1, 1935, page 53. We are of opinion that the preference to the guardian should not be allowed for two reasons: (1) That the law effective as of the date of the investment controlled the rights of the parties and (2) That under §11214, **GC,** after the investment was made, and the reports in the form of accounts filed with the Probate Court setting forth in detail the type of investment, the amount thereof, and where carried; the action of the Probate Court in settling and approving the accounts was the equivalent of an approval of the investment under the section."

"The Supreme Court in the Strain case supported us in the first proposition heretofore set forth, but the second question was not before the court in so far as we are able to determine from the opinion.

We say frankly that we are uncertain,

under the Strain opinion if our position under proposition 2 above is tenable, but inasmuch as the court has not specifically passed on the question, and as we have heretofore held to like effect In Re: Tischer (Montgomery County) we believe the only proper course is to hold to our former judgment and overrule the motion for rehearing. The question is one that should be determined by the Supreme Court and we presume that counsel for the appellant will prosecute error to that court. As counsel know, we held the opinion in this case for many months awaiting decision in the Strain case. We regret that there is not something in the Strain case which specifically treats of the proposition upon which, in part, we predicated our former opinion."

Thereafter the court was requested to certify the case of Warner, Supt., etc. v Hoffman, Guardian, etc., supra, to the Supreme Court as being in conflict with the cases of Soliday, Guardian v Ash et, supra, and **Huntington National Bank of Columbus, trustee v Fulton, Supt. et, 49 Oh St, 268.** This court overruled the motion to certify on April 13, 1936. We quote from the opinion:

"We find no such similarity in questions involved or legal principles considered and determined in The Huntington National Bank case to indicate any conflict whatsoever. The syllabus in Soliday, Guardian v Ash et al, seems to conflict with our determination in this case. However, we find that upon the original consideration of this case the Soliday case was cited and discussed and though we did not mention it in our opinion, it was given attention. Upon further examination, we are satisfied that the Soliday opinion rested upon finding of Judge Mauck and his associates as found on pages 501 and 502 of the opinion in this language: 'So far as this account is concerned the ward may have owned this stock at the time of the guardian's appointment. Moreover, the account as a whole tends to show that the guardian had never invested any of the proceeds of the real estate. * * * The evidence, therefore, does not sustain the claim of the guardian that he had invested in this stock prior to filing his earlier account; and had secured the approval of the Probate Court thereto.' In other words, in the Soliday case the account did not sufficiently apprise the Probate Judge of the time of investment, the nature and amount thereof with such certainty as to require the reviewing court

to say that the specific investment contended for as being legal had been approved. The case contended for by the guardian had not been made on the factual proof."

We have again examined these cases in connection with our disposition of the case at bar and we are of opinion that we should adhere to the various opinions released in the case of Warner, Supt. etc,. v Hoffman, Guardian, etc., supra. Further, we would say that the facts of that case are not as strong as are those here present. In the instant case we have before us not only an approval of the investments as the same were listed on the several accounts but we also have an express approval of former deposits made and a designation of the place of future deposits twice entered by the Probate Court. Such an approval and order answers the second proposition to which this court referred in its opinion on rehearing in the case of Warner, Supt., etc. v Hoffman, Guardian, etc., supra.

The record before us does not impute bad faith to Langdon T. Williams during the time that he was guardian of the incompetent. As an officer of the Columbian Building & Loan Company he was presumed to have knowledge of its condition. The fact that the officers of the company saw fit to restrict the right of withdrawal of accounts is not proof in itself of the presence or existence of a condition of insolvency. The fact that the guardian deposited the sum of $50.00 in the account eleven days after the association went on notice does not establish bad faith. The fact that the right to withdrawal of deposits was restricted may be evidence of insolvency, but that fact,, standing alone in this record, can not be taken as proof of the ultimate fact.

As already stated, the court is of opinion that its former decision in the case of Warner, Supt., etc. v Hoffman, Guardian, etc., is controlling. Counsel argue that the court in that opinion drew no distinction between a deposit and an investment. If that be true, and the account in the case at bar be treated as a deposit and not as an investment, it would seem that the contention is disposed of by the decision of the Court of Appeals of the Seventh District in the case of Rogers, Trustee, etc., v Clark, Receiver, etc., released on January 25, 1935. The court in that case concluded that the deposit was not wrongful, that §11214, GC, did not apply, that the deposit was made in good faith and in an honest belief that it was for the best interest of the beneficiary. In that case the court denied the application for preference and the Supreme Court refused to certify the record. The finding of the Court of Appeals of the Seventh District in that case could well be adopted in the instant case if it be determined that the funds on deposit in the instant case did not constitute an investment and that the case of Warner, Supt., etc. v Hoffman, Guardian; etc., is not decisive.

It is further contended that no title to the funds passed to the Columbian Building & Loan Company by reason of the fact that the funds deposited were pensions received from the U. S. Government. We hold that the case of Spicer, Guardian v Smith, etc., 288 U. S., 430, 84 A.L.R., 1525, disposes of this claim. We quote the second syllabus:

"Payment of installments of war risk insurance and disability compensation to the guardian of a mentally incompetent veteran vests title in the ward and operates to discharge the obligation of the United States in respect of such installments."

Under this authority payment of these monthly pension checks to Williams as guardian was payment to his ward. Title was vested in the ward. The obligation of the United States in respect to such payments was discharged. If title was thus in the ward and if the United States was discharged as to payments already made, it must follow that thereafter there was no title to any of the funds in the United States and that it could not exercise any claim whatever over the funds already paid and then on deposit in or invested with The Columbian Building & Loan Company. In our judgment plaintiff's claim for a preference may not be allowed on the ground that these funds were derived from the payment of the United States pension.

We have examined all of the errors set forth in the petition in error. We find no prejudicial error in the record. The judgment of the trial court is therefore affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

### Decided June 4, 1936

By THE COURT

Submitted on application for re-hearing. It is our view that §11214, GC, provides for a guardian's investment of his ward's funds with a building and loan association, if the same is approved by the court. On May 18, 1928, the Probate Court approved previous deposits made with The National Savings & Loan Company and also authorized, ordered and directed the guardian to place future funds in the same institution. On May 14, 1931, an order approving the guardian's deposits already made in The Columbian Building & Loan Company was entered. At the same time the court ordered and directed the guardian to deposit future funds with that company. But one deposit was made thereafter. It is our opinion that this authorization of the court protected the guardian in the making of these deposits irrespective of the fact that the court from time to time also approved his accounts, from which it appeared that the guardian was carrying an investment with one or the other of these institutions. The fact that the guardian's third account was not approved until after the New Probate Code became effective will not control the situation. If the validity of these investments rested entirely upon the court's approval of the accounts, the saving grace of the statutes covering the settlement of accounts might avail this ward if he had no actual notice of such settlement and if he filed exceptions within eight months. These investments were approved as provided by §11214 GC. Provision for notice to the ward of a hearing on an application to make investments or to approve investments already made is not contemplated by that section. In the absence of language in the statute securing to the ward the right to be notified of a hearing upon an application to make investment of his estate under §11214 GC, we hold that he is not entitled to such notice and that the matter of authorization is one lodged with the court to be exercised by it in its wisdom and discretion.

Counsel comment upon our reference to the case of Rogers, Trustee v Clark, Receiver, 7th District Court of Appeals, re-

leased January 25, 1935. Our reference to this case was made because counsel argued that these funds constituted a deposit rather than an investment. In that reference, the court said in its original opinion that we were of the view that the case of Warner, Superintendent, etc. v Hoffman, Guardian, etc., Montgomery County, December 27, 1934, was controlling. In the latter case, this court held that the placing of funds with a building and loan company was an investment.

It is urged that our opinion is in conflict with **Soliday, Guardian v Ash, 40 Oh Ap, 498 (10 Abs 364; and In Re, Howison, 49 Oh Ap, 421, (17 Abs 361).** As stated in the original opinion, there is no conflict with Soliday v Ash, supra. We find no conflict with In Re, Howison, supra. The evidence in that case clearly showed that the executor acted in bad faith. We respect that there is no evidence in the instant case which would warrant the imputation of bad faith to the former guardian, Langdon T. Williams.

We adhere to our former opinion and overrule the request of counsel for an order of certification to the Supreme Court on the ground that our opinion is in conflict with the two cases above mentioned. **The application for rehearing is denied.**

BARNES, PJ, HORNBECK and BODEY, JJ, concur.