## IN MATTER OF GUARDIANSHIP OF BAKER.

(Decided May 3, 1940.)

*Mr. W. O. Wallace,* for appellant, W. O. Wallace, guardian *ad litem.*

*Mr. William H. Vodrey* and *Mr. Walter B. Hill,* for appellee, The First National Bank of East Liverpool, Ohio.

PHILLIPS, J.   On March 19, 1928, The First National Bank of East Liverpool, Ohio, guardian of the person and estate of Raymond Baker, an incompetent, invested $3,060 of guardianship funds in Morehouse-Martens Building Site Land Trust Certificates of a par value of $3,000, and accounted for the investment in its first partial account filed August 14, 1929, which was duly approved by the Probate Court of Columbiana county on September 27, 1929.

Subsequently in February, 1934, the Probate Court approved the consent of the guardian of an amendment to and alteration of a lease between the trustee for the holders of the land trust certificates and its ward with reference to the income therefrom.

Nine partial accounts making specific reference to this investment were filed and duly approved by the Probate Court.

Certified copies of all accounts were furnished to and, with the exception of the seventh account, approved in writing by the United States Veterans Administration.   The latter account was likewise approved except as to the land trust certificates, and the United States Veterans Administration interposed an objection to the specific approval of the investment by the Probate Court on June 10, 1935, filed a motion to vacate that order of approval and sought to have the court withhold approval of the guardian's seventh account.

On reconsideration thereof the Probate Court vacated its order of approval of June 10, 1935, within term on July 31, 1935.   Upon hearing of the motion the lower court rendered an opinion, overruling the motion, and specifically approving the investment and the guardian's seventh account, from which order the veterans administration appealed to this court.   That appeal was dismissed by this court.

On October 17, 1938, a tenth account was filed and on

November 3rd thereafter, an application for the appointment of a guardian *ad litem* for the purpose of representing the ward in an adversary proceeding was filed, and subsequently a guardian *ad litem* was appointed.

Exceptions to the tenth account were filed by the guardian *ad litem* on November 4, 1938, and a motion to strike the exceptions from the files, for the reason that the legality of the investment in dispute had been decided and the question was *res judicata,* was filed by the guardian.

The lower court overruled that motion on January 13, 1939, ordered a hearing on the exceptions and approved the tenth account on September 12, 1939.

From that order the guardian *ad litem* appealed to this court on questions of law, and assigned five grounds of error upon which he relies to secure a reversal of the order and judgment of the lower court, the important one among which is that the investment was illegal and not authorized by law.

The sole question presented is the legal right of the guardian of the person and estate of Raymond Baker, an incompetent, to invest guardianship funds in land trust certificates, without the prior authority but with the subsequent approval of the Probate Court.

An amendment to Section 11214, General Code, passed April 6, 1923, and approved by the Governor April 17th of the same year, which repealed the original same-numbered section of the General Code, and which was in full force and effect at the time the investment was made and when the first two partial accounts were filed and approved, provided insofar as applicable that "when they have funds belonging to the trust which are to be invested * * * guardians * * * may invest them * * * in such other securities as the court having control of the administration of the trust approves."

This section of the General Code authorized the

guardian acting as a fiduciary appointed by the Probate Court to invest guardianship funds in investments approved by the court having control of the administration of the trust, which approval the facts disclose was obtained.

The Probate Court upon investigation apparently considered that land trust certificates at that time came under the provision ''or in such other securities as the court having control of the administration of the trust approves,'' and were a proper investment at that time. The fact that no exceptions were filed to some of the accounts did not relieve the judge of the Probate Court of his duty to make an examination of such accounts and if he considered the investment was not a proper one to call the guardian for an explanation of the investment, which duty it is presumed he performed.

In addition to approving ten partial accounts, in which specific reference was made to the disputed investment, the Probate Court specifically approved the investment, which order was finally adjudicated when this court dismissed an appeal from the order of the Probate Court, and likewise approved it in an adversary proceeding upon full hearing on July 5, 1938, a considerable time thereafter.

In its opinion the lower court refers to the case of *Soliday, Gdn.,* v. *Ash,* 40 Ohio App., 498, 179 N. E., 150, where it is said that the Probate Court's approval of an earlier account listing securities purchased without authority did not relieve the guardian of liability for an unauthorized investment.

We need not determine that question in this case for while the present judge of the lower court and his predecessor did approve a series of partial accounts, in which specific reference was made to the disputed investment, which, by reason of the number of accounts approved, might distinguish it from the *Soliday case,* yet likewise the present judge of the Probate Court specifically approved the investment, from which order

of approval an appeal was improperly perfected to this court and subsequently dismissed, which in our opinion adjudicated the matter.

It is to be observed that in the *Soliday case* the court also says that "the guardian, of course, is liable for the consequences of such investment if made without the required approval, provided timely exception is made to his action in that respect."

In the instant case the approval of the Probate Court was obtained, and it can hardly be said that the exceptions to the series of accounts were timely made, which also distinguishes it from the *Soliday case*.

It is observed, however, that, at the time the Probate Court approved some of the partial accounts and finally approved the investment in an adversary proceeding, Section 11214, General Code, had been repealed and Section 10506-41, General Code, which became effective January 1, 1932, did not contain the provision "or in such other securities as the court having control of the administration of the trust approves."

This raises the question whether the lower court could legally approve the investment made under Section 11214, General Code, in an adversary proceeding, after that section had been repealed and when the section of the General Code enacted in its place did not contain that provision.

"Where trustee made an unauthorized investment with trust funds and afterwards reported the same in his final account which was confirmed and approved, such investment could not thereafter be held to be illegal, where the statute in force at the time permitted investment to be made 'in such securities as the court having control of the administration of the trust approves.'" *In re Trusteeship of Wilson,* 32 N. P. (N. S.), 497.

At page 499 of the above-quoted case the court says:

"In view of this last general provision, if the trustee, before making the loan in question, had procured an

order authorizing the investment no question concerning its legality could be raised. And upon reason and authority the same result obtains where after the investment has been made the court approves the same, as it did in this case when it approved the final account which contained the report of the investment. The approval of the court is of the same legal efficacy whether it precedes or succeeds the act to be affected. Such would seem to be the logical conclusion in analogy with the effect of a principal's action in either authorizing its agent to do a certain thing or in ratifying the act after its performance. *In re Keane,* 160 N. Y. S., 200, the court expresses this thought in this language: 'A decree approving testamentary trustee's account showing an unauthorized investment in stocks is *res judicata* as to the propriety of the original investment.' Likewise, *American Bonding Company* v. *Bank,* 22 C. C. (N. S.), 177, where the court says: 'Where a trustee purchases, with funds in his hands, bonds constituting the highest form of investment known to the law, and the investment is reported in his account, which is confirmed in due course, such confirmation operates as an approval of the investment as though a prior formal order had been made.'

"We therefore conclude that the investment was not illegal. Whether it was prudent is beside the question. Were the court called upon to approve the same or a similar transaction in the present condition of affairs undoubtedly it would not do so but it certainly can not now be held that the order entered three years ago has been rendered illegal purely by economic changes."

In the light of the foregoing authority it is apparent that, if a decree approving a testamentary trustee's account showing an unauthorized investment in stocks is *res judicata* as to the propriety of the original investment, certainly an approval of the investment of guardianship funds in land trust certificates in a series of partial accounts from one of which an appeal was

taken to this court and dismissed, and in an adversary proceeding, and approval of a change in the lease in relation thereto is *res judicata* in the instant case as to the propriety of the original investment.

This case is not complicated by the question of self-dealing on the guardian's part, and must not be confused with such a case, and accordingly the case of *In re Trusteeship of Bartow*, 28 Ohio Law Abs., 229, cited by the guardian is not applicable to the facts in this case.

It follows from what we have said that the order and judgment of the Probate Court must be and hereby is affirmed though not for the reasons set forth in the opinion of that court.

*Judgment affirmed.*

NICHOLS, P. J., and CARTER, J., concur.