EMSWILER, ESTATE OF, In Re

Ohio Appeals. 2nd Dist, Franklin Co

No 3357. Decided Aug 6, 1941

Eagleson & Eagleson, Columbus, for appellants.

John H. Summers, Columbus, for appellees.

## OPINION

BY THE COURT:

This is an appeal by Charles E. Nixon and Annabel Emswiler upon questions of law from a judgment of the Probate Court of Franklin County, Ohio, sustaining exceptions to the report of James O. Tripp, Special Master Commissioner, appointed by said court.

The findings and judgment were entered upon exceptions filed by Frank B. McClelland, Guardian of the estates of Ellen M. Emswiler and Howard V. Emswiler. and John Summers, successor trustee of the testamentary trust

created by the will of decedent, to the first and second amended and corrected accounts of appellants, Nixon and Emswiler, as executors of the will of the decedent and as trustees of the trust created by the will of the decedent and the account of Annabel Emswiler, as trustee of said trust. The exceptions were reported to James O. Tripp, a Special Master Commissioner, who took testimony and filed his report with findings of fact and conclusions of law in respect thereto.

Appellants assign three errors:

(1) The Probate Court erred in sustaining the exceptions to the report of the special master commissioner.

(2) The Probate Court erred in finding that the fiduciaries were acting as executors and not acting as trustees.

(3) The judgment of the Probate Court is contrary to law.

The questions presented by the appeal may be determined upon the answer to the second error assigned, namely, were the appellants at the time of the transactions challenged by the exceptions to their accounts acting as executors or as trustees? If acting as executors, the Probate Court had the right under the law to hold that they were chargeable as in the findings made. If acting as trustees, the cause would have to be remanded for an examination of the respective acts in the light of the authority of the trustees under the law and the will of the decedent. There can be no question that the authority and discretion vested in the trustees under the will was much wider than as executors.

It is the general claim of the appellants that as both of them were named under the will as executors and trustees, their conduct of the estate may be examined in that light; that from the transactions under consideration it may be determined that at a certain period the duties of appellants as executors had been completed and to all intents and purposes their administration of the estate in this capacity concluded and that all acts done and transactions undertaken thereafter must be found to have been in their capacity as trustees; and further that under the will they took the estate as trustees subject to the debts.

The Probate Judge, in an opinion which we have before us, found that in all matters under consideration and the subject of exceptions to the accounts and exceptions to the finding of the master commissioner, appellants acted as executors.

We have reached the same conclusion and for the reasons stated in the opinion of Judge McClelland, which we adopt.

The transactions under consideration are numerous and extended and it would serve no good purpose to burden the files with a further recitation of details. Suffice to say that every act of appellants questioned by the exceptions was authenticated by them in their capacities as executors and so recognized by the Probate Court.

We recognize that there is some authority which would support the conclusion of the Master but are of opinion that the greater weight and better reasoned authority supports the judgment of the Probate Court. The principal Ohio cases, including **Gandolfo v Walker, 15 Oh St 251**, relied upon by appellants, are discussed and analyzed by Judge McClelland and, we believe, properly. The controlling principle is well stated in **Re: Crawford, 21 O. C. C. 554,**

"In such cases, the same person being both executor and trustee, he will not take in the latter capacity until he has fully discharged his duties in the former capacity, and not until the fund or property has been distinctly set apart as trust property." Affirmed **68 Oh St 58.**

"When the persons named executors of a will are also named as trustees of a trust created by that instrument, they should be appointed such trustees and give bond as such on the completion of their duties as executors."
**Re: Estate of Kachelmacher, 40 Oh Ap 282.**

# 10

"The office of executor and trustee under a will are distinct, and are not to be performed in the same capacity." **Stark v McEwan, 15 Oh Ap 188.**

We are cited to **Warner v Hoffman, 18 Abs 403, Schick v Kroger, 22 Abs 389,** and **In Re: Tischer's Trusteeship, 46 Oh Ap 405,** in all of which cases it was held that certain investments reported by fiduciaries to the Probate Court, and by that court approved by the confirmation and settlement of accounts, constituted the equivalent of approval of the investments under the statute.

These cases do not have application for the reason that it does not appear that the transactions here were in the nature of investments which were authorized by the statute or under the will to be made by the executors, even under authority of the Probate Court. The executors purchased but one certificate of deposit. Most of the certificates of deposit of the Lilley Building & Loan Company were in the estate when the executors were named and turned over as purchase price for the real estate bought from said company, by the executors.

As we understand it, the court based his finding against the executors, in part, at least, upon their negligence and disregard of the statute in liquidating the certificates of deposit in a timely manner. This was a proper basis for the finding under the evidence which upon the record we may not weigh.

The judgment will be affirmed.

HORNBECK & BARNES, JJ., concur. GEIGER, PJ., dissents.