HOSTERMAN, Jr., Trustee, Plaintiff-Appellant, v. FIRST NATIONAL BANK AND TRUST CO. OF SPRINGFIELD, OHIO, Defendant-Appellee.

Ohio Appeals, Second District, Clark County

No. 459—Decided June 18, 1946

Keifer & Keifer, Springfield, for Plaintiff-Appellant.
Corry, Durfey & Martin, Springfield, for Defendant-Appellee.

## OPINION

By WISEMAN, J.:

This is an appeal on law from the judgment of the Common Pleas Court of Clark County overruling a demurrer to the first defense and overruling a motion to the second defense of the defendant's second amended answer.

The demurrer to the first defense raises the question as to whether the defendant had not waived the statute of limitations as a defense by failing to demur to the petition which on its face showed that the cause of action was barred by the statute of limitations. During the pendency of plaintiff's motion to strike certain allegations from the defendant's first amended answer, the Supreme Court of Ohio decided **State ex rel v House, 144 Oh St 238,** in which it held:

"An action against Trustees of an express trust for loss of funds arising from a breach of trust involving tortious conduct such as bad faith, negligence and double-dealing, is one at law, the cause of action accrues, in the absence of undiscovered fraud, when the Trusteeship as to such Trustees is terminated, and the action is barred in four years by virtue of the provisions of §11224, GC.

After this opinion was announced, the defendant made an oral application for leave to withdraw its first amended answer and file a demurrer to the petition, setting up the bar of the statute of limitations. This application was denied by the Court which granted leave to the defendant to withdraw the first amended answer and file a second amended answer in which, as a first defense, the statute of limitations was pleaded as a bar. To the first defense, the plaintiff filed a demurrer and to the second defense a motion to strike, both of which were overruled.

In permitting the defendant to withdraw its first amended answer and file a second amended answer, did the trial Court act in the exercise of a sound discretion? We think so. In Volume 34, Am. Jur., page 350, the rule is stated:

"Although it is a general rule that the defense of the statute of limitations is deemed to be waived unless it is taken ad-

vantage of by plea or demurrer, generally, a defendant will be permitted to amend his pleading so as to set up the bar of the statute where such procedure appears to be justified in the mind of the court as being in furtherance of justice, such a plea being said to be one to the merits, and its allowance by amended pleading not to be discriminated against."

Again on page 351 of the same work, the rule is stated as follows:

"In accordance with the established general rule relating to the amendment of pleadings generally, the question of allowance of an amendment setting up the defense of the statute of limitations is one largely dependent upon the exercise by the court of its discretion, in view of the attendant circumstances, and the trial court's determination in this respect will be disturbed upon appeal only in case it appears that there was an abuse of discretion."

In **Volume 31, O. Jur., page 836,** the rule is stated as folows:

"As a general rule the question of the withdrawal of pleadings is addressed to the discretion of the court; in the exercise of such discretion, courts may allow the withdrawal of statements mistakenly made in pleadings, or of particular pleas, or of entire pleadings, as the exigencies of the case may seem to warrant."

In **Hawke v Noyes, 62 Oh Ap 186,** the Court on **page 191** say:

"Whether a pleading may be withdrawn rests in the sound discretion of the court. **31 O. Jur. 836, Section 247.**"

We hold that the trial court did not abuse its discretion in permitting the defendant to withdraw its first amended answer and file its second amended answer setting up the statute of limitations as a bar.

The plaintiff-appellant contends that the statute of limitations is one of the grounds of demurrer (**Sec. 11309 GC**) and that under the provisions of §**11311 GC** the objection must be taken by demurrer if the defect appears on the face of the petition, and if not so taken, it is waived, and is not available as a special defense. **Sec. 11311 GC** provides:

"When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objec-

tion is not made in either way, the defendant shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action."

In applying the provisions of the statute to a case where the statute of limitations constitutes a bar to the cause of action, if it does not appear on the face of the petition that the cause of action is barred, the objection may be raised by answer. The appellant contends that the converse of this proposition is also true, viz: if it appears on the face of the petition that the cause of action is barred, the objection cannot be taken by answer, but must be taken by demurrer, or if not so taken, the objection is waived. We do not hold to this view.

For some years after the adoption of the Code of Civil Procedure, it was held that the statute of limitations could be invoked only by answer and it was not available on demurrer. In 1900 the bar of the statute of limitations mas made by statute a specific ground of demurrer. Thus §11309 GC provides as follows:

"The defendant may demur to the petition only when it appears on its face either: * * *

9. That the action was not brought within the time limit for the commencement of such actions."

Secs. 11309 and 11311 GC are in pari materia and must be construed together. The issue herein raised may be stated as follows: Is it mandatory that the defendant raise the bar of the statute of limitations by demurrer, if the defect appears on the face of the petition? We do not think so. If the defendant fails to demur, may the bar of the statute of limitations be interposed as a special defense? While a strict adherence to a technical rule of pleading would require demurrer to be filed to a petition which is demurrable, and we conceive this to be the better practice, nevertheless, we are of the opinion that the provisions of §11309 GC are permissive and not mandatory.

We are of the opinion that when the defect appears on the face of the petition the statute of limitations may be raised either by demurrer or special defense. The provisions of §11311 GC do not preclude the defendant from following this course of procedure. The defendant is deemed to have waived

the objection only if he fails to demur or set up the bar as a special defense.

In **Volume 31, O. Jur. page 684,** the rule is stated as follows:

"If any of the matters specified by §11309 GC as causes of demurrer to a petition appear on the face of the petition, objection thereto should, of course, be taken by demurrer, pointing out the defect. The mere fact, however, that objection is not taken by demurrer, does not preclude objection being taken by answer. If, however, objection is taken neither by demurrer nor answer, then it is to be deemed to have been waived except as to the objection that the court has no jurisdiction of the subject of the action, or that the petition does not state facts constituting a cause of action."

On **page 737** of the same work, the text is as follows:

"The fact that a special ground of demurrer appears upon the face of the petition does not preclude the defendant from taking objection by way of answer rather than by way of demurrer."

The author makes reference to the case of **Collins v Mansfield,** 13 O. C. C. 258, 7 O. C. D. 445 (affirmed without opinion in **54 Oh St 621**), which held that

"Where there is a misjoinder of parties plaintiff, and defendant fails to take advantage of that fact by special demurrer under Section 5064, Rev. Stat., such defect is not waived, but defendant may raise the objection in his answer."

Section 5064, Rev. Stat. is now **§11311 GC.** This legal principle is supported by the following cases: **Railroad Co. v Lersch, 58 Oh St 639;** Rothweiler v Ryan, 4 O. C. C. 338, 340; **Hamilton v Saffin, 11 Abs 429** (Court of Appeals, Second Judicial District).

In support of his contention, plaintiff-appellant cites the following cases: **Calvin v State, 12 Oh St 60; Vore v Woodford, 29 Oh St 245; Sears & N. Corp. v Squire, 132 Oh St 140, 145;** Heller v. Greenberg, 15 C. C. N. S. 561; Williams v Lederer, 18 C. C. N. S. 515, 516; and Zieverink v Kemper, 10 O. D. Rep. 229. An examination of these authorities shows that they are not applicable to the issues raised in the instant case. In Calvin v. State, the defendant having answered after filing a demurrer which was not disposed of, the court held that the filing of the answer was regarded as a waiver of the demurrer. In Vore v. Woodford, a general demurrer was filed, but afterward, and before the demurrer was determined, the defendant answered

to the merits and failed to raise the statute of limitations as a bar. The court held that the demurrer was waived or withdrawn and it was too late on error to raise the bar of the statute. In Sears & N. Corp. v. Squire the defendant demurred to the petition on the ground that the facts alleged were not sufficient to constitute a cause of action. The demurrer was overruled and, thereupon, the defendant answered. In the Supreme Court the question of defect of parties defendant was raised. The defendant having failed to demur on the ground of defect of parties defendant, and the question not being raised in the answer, the court held that the objection was waived under the provisions of §11311 GC. In Heller v Greenberg, the court held that by answering to the merits, the defendant waived right to demur. In Williams v. Lederer, the court had under consideration a demurrer to a counter-claim and the provisions of §§11323 and 11324 GC applicable thereto. The court pointed out the distinction made by the Code provisions between a demurrer to a counter-claim and a demurrer to a petition. In Zieverink v. Kemper, the court held:

"Where a petition was demurred to because it showed on its face that the cause of action was barred by the statute of limitations, and the demurrer was erroneously overruled, and defendant answered without pleading the statute, such defense was not thereby waived."

The court in its opinion also holds:

"It is hardly permissible to repeat a defense in an amended answer which has been held bad on demurrer, and the principle would seem to apply to a defense such as this, **which may be raised either by answer or by demurrer, where the facts as to lapse of time appear in the petition.**" (Emphasis ours.)

We note that the court in the case of Vore v. Woodford, on page 250 says:

"The law, since the Code, as it was before, is that a statement of facts otherwise sufficient to constitute a cause of action will support a judgment, although upon the face of the pleading it appear that the time of the statute had run against it, **unless the bar of the statute is insisted upon either by the demurrer or answer.**" (Emphasis ours.)

The trial court did not commit error in overruling the demurrer to the First Defense of the defendant's Second Amended Answer.

The ruling on the demurrer is dispositive of the case. However, we proceed to dispose of the other assignment of error. Did the trial court commit error in overruling the plaintiff's motion to strike from the second defense of the second amended answer certain portions thereof? We think not. The motion to strike raised the question as to the sufficiency of the allegations to constitute separate special defenses. But for the fact that a general denial was interposed, the question would have been properly raised by demurrer. The pleading is properly tested on motion to strike, which is in effect a demurrer. **31 O. Jur. pages 677, 854.** The allegations which are sought to be stricken present for consideration the question as to whether the plaintiff would not be precluded from recovering by reason of res judicata, laches, and estoppel. In 1929 the defendant then acting as Trustee under the will of Jane D. Bacon, deceased, exchanged stock in the defendant bank for stock in BancOhio. Shortly after this transaction took place the value of said stock greatly declined. Plaintiff-appellant alleges the exchange of stock constituted a breach of trust. On an ex parte hearing application for approval of exchange of stock was granted in the Probate Court of Clark County and the order was filed December 20, 1929. The defendant in its answer alleges that:

"The beneficiaries of said trust, prior to the order entered on December 20, 1929, had actual notice and knowledge of the proposed exchange of 70 shares of stock of the First National Bank and Trust Company for 420 shares of stock of BancOhio Corp.; that they consented to such exchange and approved and confirmed the same."

The order approving the exchange of the stock recites that:

"The court finds that said transfer and exchange will be for the best interest of said trust; and that the beneficiaries of said trust have consented to and approved said exchange."

It is further alleged that on May 29, 1931, said Trustee filed its second account in the Probate Court and in the schedule showed receipts and disbursements of dividends received by it, as Trustee, upon said shares of stock in BancOhio, and showed in a separate schedule of investments the shares of stock in BancOhio as assets of said trust; said account was duly set for hearing on June 30, 1931, and no exceptions being filed thereto, said account on said date was duly approved.

Likewise on June 20, 1933, the defendant's third account was settled in Probate Court, which accounted for dividend receipts and disbursements and showed the investment of assets in BancOhio stock. Similarly, the fourth and final account of defendant was settled November 13, 1934, at which time it resigned. On December 17, 1934, A. D. Hosterman was appointed successor Trustee. On March 26, 1937, his first and partial account was settled and approved, which account showed receipts and disbursements of dividends and assets of the trust invested in BancOhio stock. Upon the death of A. D. Hosterman on February 6, 1939, his administrator, A. D. Hosterman, Jr., filed a second and final account for him which was settled June 30, 1939, which account showed receipts and disbursements of dividends and assets of the trust invested in BancOhio stock. On April 3, 1939, A. D. Hosterman, Jr., the plaintiff-appellant herein was appointed successor Trustee. This action was instituted January 26, 1940.

At the time of the exchange of bank stock, §11214 GC was in full force and effect and authorized the Trustee to invest "in such other securities as the court having control of the administration of the trust approves." It is urged in this case that the provisions of the will restricted the authority of the Trustee in making investments, however, the will is not made a part of the record and it must be assumed that the court acted within its authority and approved the exchange of bank stock under the provisions of §11214 GC. True, there are certain allegations set forth in plaintiff's petition which show a limited authority was given to the Trustee on reinvestment of trust funds but such allegations are denied in the answer. Since the motion is in effect a demurrer, all allegations well pleaded are admitted to be true. The Probate Court had jurisdiction under §11214 GC to authorize the investment. If the investment for any reason was irregular at the time it was made, the approval of the Trustee's second account on June 30, 1931, was tantamount to an approval of the investment. **In re Trusteeship of Tischer, 46 Oh Ap 405; Warner v Hoffman, 18 Abs 403, 405.** The approval of accounts filed after January 1, 1932, the effective date of the new Probate Code, was tantamount to an approval of the investment at the time it was made even though such investment was made prior to January 1, 1932. In Warner v. Hoffman, supra, on page 406, the court say:

"In our judgment the Probate Court had the right, although subsequent to the date when §10506-41 GC became effective, to approve an investment made at any time prior to the ef-

fective date of the statute and that the action in approving the account of the Guardian showing the character of the investment was tantamount to an approval as of the date when made."

The motion to certify was overruled in **132 Oh St 136.** See also **Schick v Kroeger, 22 Abs 389.**

We conclude that the second defense of the second amended answer contained allegations which properly presented an issue of res judicata, laches and estoppel. We are of the opinion that the trial court did not commit error in overruling the motion to strike.

The judgment of the trial court will be affirmed.

HORNBECK, PJ, and MILLER, J, concur.